Paul J. Cambria, Jr., Esq. (State Bar No. 177957)
Jonathan W. Brown, Esq. (State Bar No, 223901)
LIPSITZ GREEN SCIME CAMBRIA, LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
Telephone: (716) 849-1333
Facsimile: (716) 849-1315
Email:  pcambria@lglaw.com
          jbrown@lglaw.com

Attorneys for Plaintiff
Vivid Entertainment, LLC,
a California limited liability company

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

C07    03860

BZ

| | |
|---|---|
| VIVID ENTERTAINMENT, LLC,<br>a California limited liability company,<br><br>Plaintiff,<br>vs.<br><br>DIAMOND S.J. ENTERPRISE,<br>a California corporation,<br>and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT; FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION; CALIFORNIA COMMON LAW AND STATUTORY TRADEMARK AND TRADE NAME INFRINGEMENT, UNFAIR COMPETITION AND DILUTION**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Vivid Entertainment, LLC, a California limited liability company, by its

attorneys, as and for its Complaint against Defendant, Diamond S.J. Enterprise, alleges as

follows:

## JURISDICTION AND VENUE

1

1.     This is civil action for trademark infringement, false designation of origin and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 – 1127, and the common law and statutes of the State of California.

2.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338 and 15 U.S.C. § 1121, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.     This Court has personal jurisdiction over the defendant because Diamond S.J. Enterprise maintains its principal place of business in the State of California.

4.     Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and the defendant maintains its principal place of business in this district.

### INTRADISTRICT ASSIGNMENT

5.     This is an Intellectual Property Action subject to district-wide assignment pursuant to Civil L.R. 3-2(c).

### THE PARTIES

6.     Plaintiff, Vivid Entertainment, LLC ("Vivid"), is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of California, having a principal place of business at 3599 Cahuenga Boulevard West, 4th Floor, Los Angeles, CA 90068.

7.     Upon information and belief, Defendant Diamond S.J. Enterprise ("Defendant"), is, and at all times mentioned herein was, a California corporation having a principal place of business at 8 South 1st Street, San Jose, California.

2

8.     The true names and capacities, whether individual, corporate, affiliate, or otherwise, of defendants Does 1-10, inclusive, are presently unknown to the Plaintiff, and for that reason those defendants are sued by such fictitious names.  The Plaintiff is informed and believes and thereon allege that each of the Doe defendants is in some way responsible for the damages herein alleged.  The Plaintiff will amend this Complaint when the true names and capacities of the Doe defendants become known.

9.     Upon information and belief, each of the defendants, including the fictitiously named Doe defendants, was and is the agent and representative of the other defendants, acting within the purpose and scope of said agency and representation.  The Plaintiff is further informed and believes that each of the defendants, including the fictitiously named Doe defendants, authorized and ratified the conduct herein alleged of each of the other defendants.

## FACTUAL BACKGROUND

10.     Plaintiff is one of the world's largest producers of high quality erotic entertainment.  Plaintiff's products are distributed under the VIVID brand on DVD, on pay-per-view and video-on-demand cable and satellite television, over the Internet, via wireless programs in 20 countries, and around the world through a network of partners and affiliates.

11.     Plaintiff owns a site on the Internet on the World Wide Web under the domain name www.vivid.com.  Plaintiff's Website prominently features the Plaintiff's trademark VIVID, other related marks, as well as copyrighted photographs and audiovisual works.

12.     To identify to its customers its high quality entertainment products, on July 21, 2000, Plaintiff's predecessor in interest to the VIVID mark, Vivid Video, Inc., a California corporation ("VVI"), applied to register the VIVID mark with the PTO in International Class 42 for Night Club Services.  By date of August 7, 2001, the PTO approved the application and

COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

issued a Certificate of Registration under Registration Number 2,475,741.  A copy of the registration certificate is attached and incorporated herein as Exhibit "A".

13.     On July 26, 2002, Plaintiff acquired all of VVI's right, title and interest in, under and to the VIVID mark, including trademark Registrations No. 2,475,741 for nightclub services; Registration No. 2,415,035 for on-line Websites; and Registration No. 2,452,336 for Video Cassettes and DVD's.

14.     Building upon the wide recognition and goodwill arising from its use of its VIVID trademark, Plaintiff has sold or distributed, itself and through its licensees, a broad line of products and services under the trademark VIVID.

15.     On January 5, 2005, Plaintiff granted Las Vegas Venus Corp. ("LVVC") a license to use the trademark VIVID in connection with the operation of a nightclub named "Vivid" at the Grand Canal Shoppe at The Venetian Resort Hotel Casino, Las Vegas Nevada (the "Vivid Club").

16.     LVVC operated, advertised and promoted the Vivid Club, bearing the VIVID trademark, until 2006.

17.     Plaintiff continues to pursue markets for its trademark VIVID in connection with the operation of nightclubs.

18.     Upon information and belief, on or about February 1, 2007, Defendant changed the name of its bar/nightclub located at 8 South 1st Street, San Jose, California 95113 from "Studio 8" to "Vivid" ("Vivid Nightclub").

19.     On March 15, 2007 and March 27, 2007, Plaintiff sent Defendant a cease and desist letter demanding that Defendant discontinue use of the mark "Vivid" in connection with

4

COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

1   the operation of Vivid Nightclub. A copy of said cease and desist letters are attached and

2   incorporated herein as Exhibit "B".

3
4       20.     Defendant failed and refused to discontinue use of the mark "Vivid" in connection

5   with its operation of Vivid Nightclub.

6       21.     On June 7, 2007, Defendant filed an application with the PTO to register the mark

7   "Vivid" in connection with the Nightclub services, the very services for which Plaintiff sent

8   Defendant a cease and desist letter with regard to Plaintiff's registered VIVID trademark. A

9
10  copy of Defendant's application is attached and incorporated herein as Exhibit "C".

11      22.     Defendant continues to operate, promote and advertise Vivid Nightclub,

12  exploiting the "Vivid" mark through on-site, print, radio and on-line advertising.

13      23.     Defendant operates the Website www.vividsj.com which exploits the "Vivid"

14  mark and has purposefully promoted and continues to promote Vivid Nightclub in such a way as

15
16  to create a false association between Defendant and Plaintiff. A sample copy of the home page

17  of Defendant's Website is attached as Exhibit "D".

18      24.     Defendant's use of the "Vivid" mark in its promotion and advertising of Vivid

19  Nightclub constitutes the use in commerce of a colorable imitation, copy and reproduction of

20  Plaintiff's VIVID trademark.

21
22      25.     Defendant's use of the "Vivid" mark for nightclub/bar services is deceptively and

23  confusingly similar to Plaintiff's long-standing VIVID trademark for nightclub services.

24      26.     Defendant's use of the "Vivid" mark is likely to cause confusion, mistake, or

25  deception in the minds of the public as to the source thereof. Such confusion is likely to occur

26  within the State of California and within this judicial district.

27
28

5

27.     Upon information and belief, Defendant has performed the acts complained of herein willfully and with knowledge of the infringement that they would cause, and with intent to cause, confusion, mistake or deception, and to appropriate and unfairly trade upon Plaintiff's goodwill in its VIVID trademark.

28.     Defendant has not now and has never been authorized by Plaintiff, and is not now and has never been entitled to use the Plaintiff's VIVID trademark in connection with any business or service.

## COUNT I

### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
### (15 U.S.C. § 1114(1))

29.     Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 28 of this Complaint.

30.     The aforesaid acts of Defendant in using the "Vivid" mark for nightclub services constitute infringement of Plaintiff's federally registered VIVID trademark for nightclub services, in violation of section 32(1) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114(1).

31.     Upon information and belief, the aforesaid acts were undertaken by Defendant willfully and with the intention of causing confusion, mistake or deception as ordinary customers patronize Defendant's Vivid Nightclub in the mistaken belief that it is associated with or authorized by Plaintiff.

32.     By reason of the acts of Defendant alleged herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage and lose goodwill and, unless said Defendant is restrained from continuing its wrongful acts, the damage to Plaintiff will increase.

6

33.    Plaintiff has no adequate remedy at law.

## COUNT II

### FEDERAL STATUTORY FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a)).

34.    Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 33 of this Complaint.

35.    The aforesaid acts of Defendant are likely to cause confusion, mistake or deception among purchasers and potential purchasers of goods and services bearing the "Vivid" mark as to the source or origin of the nightclub services rendered by Defendant by reason of the fact that purchasers are likely to believe that Defendant's goods and services originate from, or are in some way properly connected with, approved by, sponsored by, or endorsed by Plaintiff.

36.    The confusion, mistake or deception referred to herein arises out of the aforesaid acts of Defendant which constitute false designation of origin and unfair competition in violation of section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

37.    Upon information and belief the aforesaid acts were undertaken by Defendant willfully and with the intention of causing confusion, mistake or deception as ordinary customers patronize the Vivid Nightclub in the mistaken belief that it is associated with or authorized by Plaintiff.

38.    By reason of the acts of Defendant alleged herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendant is restrained from continuing these wrongful acts, the damage to Plaintiff will increase.

39.    Plaintiff has no adequate remedy at law.

COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

COUNT III

CALIFORNIA COMMON LAW AND STATUTORY TRADEMARK AND TRADENAME INFRINGEMENT, UNFAIR COMPETITION AND DILUTION.
(Cal. Bus. & Prof. Code §§ 14330, et seq.; 14402, et seq.; 17200, et seq.)

40.     Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 39 of this Complaint.

41.     By its acts alleged herein, Defendant has engaged in trademark and trade name infringement, unfair competition and dilution under the common law and statutes of the State of California, California Business and Professions Code

§ 14330, et seq.; § 14402, et seq.; and § 17200, et seq.

42.     Defendant has intentionally deceived the public by misrepresenting that its goods and services as to Vivid Nightclub are in some way sponsored, endorsed or authorized by Plaintiff.

43.     Upon information and belief the aforesaid acts by Defendant were undertaken willfully and with the intention of causing confusion, mistake or deception as ordinary consumers patronize the Vivid Nightclub in the mistaken belief that it is associated with, sponsored or authorized by Plaintiff.

44.     By reason of the acts of Defendant alleged herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendant is restrained from continuing its wrongful acts, the damage will be increased.

45.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays:

1.     That Defendant Diamond S.J. Enterprise and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through

8

COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

or under authority from Defendant, and each of them, be preliminarily and permanently enjoined from: (a) using the "Vivid" mark or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in anyway similar to the Plaintiff's VIVID trademark or that is likely to cause confusion, mistake, deception or public misunderstanding as to the origin of Plaintiff's products, services or their connectedness to Defendant.

2.      That Defendant be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction.

3.      That, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein.

4.      That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to and pay Plaintiff all profits derived by Defendant from its illegal acts complained of herein.

5.      That Defendant be preliminarily and permanently enjoined from (i) using the domain name "www.vividsj.com" or any colorable imitation thereof; and (ii) be ordered to notify in writing and direct to all publishers of directories or lists, including internet search engines, in which Defendant's use of the domain name "www.vividsj.com" or the "Vivid" mark appears, to delete all references to these names from their public databases, search engine directories, directory assistance and from all future directories in which said name is to appear, and to delete al forwarding or "cache memory" or storage mechanisms referencing such name, and that Defendant shall notify its customers, subscribers and correspondents who have done business or communicated with them, during the period that they have used the name "Vivid" on their Internet Website or used "www.vividsj.com" as its domain name, of its name change or that they no longer do business under this name.

6.      That Defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendant bearing a trademark found to infringe Plaintiff's VIVID trademark rights, as well as all plates, matrices, and other means of making the same.

7.      That Defendant shall immediately notify in writing and direct all publications in which any advertisements or other references to Defendant's business are scheduled to appear to cancel all advertisements and references using the mark "Vivid".

8.      That the Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

9.      That the Court grant Plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law.

10.     For such and other further relief that the Court deems just and proper.

Dated: July 25, 2007

                                                    Paul J. Cambria, Jr.
                                                    Jonathan W. Brown
                                                    LIPSITZ GREEN SCIME CAMBRIA LLP
                                                    Attorneys for Plaintiff
                                                    Vivid Entertainment, LLC, a California
                                                    limited liability company

F:\ADULT\27047\0269 - TM Infringe - Diamond SJ\Pleadings\complaint.doc

10

COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

**EXHIBIT  A**

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 2,475,741
Registered Aug. 7, 2001

### SERVICE MARK
### PRINCIPAL REGISTER

## VIVID

VIVID VIDEO, INC. (CALIFORNIA CORPORA-
TION)
15127 CALIFA STREET
VAN NUYS, CA 91411

FOR: NIGHT CLUB SERVICES, IN CLASS 42 (U.S.
CLS. 100 AND 101).

FIRST USE 6-0-1996; IN COMMERCE 6-0-1996.

SER. NO. 76-093,410, FILED 7-21-2000.

DARLENE BULLOCK, EXAMINING ATTORNEY

**EXHIBIT  B**

# Lipsitz Green Scime Cambria LLP

Attorneys at Law

42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924  P 716 849 1333  F 716 855 1580 (Not for Service)  www.lglaw.com

Paul J. Cambria, Jr. [1]
James T. Scime
Herbert L. Greenman
Patrick C. O'Reilly
Michael Schiavone
Laraine Kelley
William M. Feigenbaum
Joseph J. Gumkowski
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Christopher S. Mattingly
Robert L. Boreanaz
Thomas M. Mercure
John A. Collins
George E. Riedel, Jr. [3]
Michael P. Stuermer [3]
Jeffrey F. Reina
Sharon M. Heim
Cherie L. Peterson
Paul J. Cieslik
Joseph T. Kremer
Michael R. Werembiewski
Gregory P. Krull
Michele A. Smith
Bridget M. O'Connell
Michael S. Deal [4]
Joseph J. Manna
Philip Scaffidi
Amy L. Andrus
Robert E. Ziske
Kevin W. Hourihan
A. Nicholas Falkides [4,5]
Thomas C. Burnham
William P. Moore
Linda R. Hassberg
Robin L. Stone
David C. Zimmerman [7]
Karen B. Feger
Patrick B. Shanahan
Bethany A. Solek
Jonathan W. Brown [3]
Amanda M. Warner
Laura A. Myers
Teresa A. Bailey
Sean P. Galliher [3]
John M. Lichtenthal
Sarah R. Ranni
Racheal C. Irizarry [2]

OF COUNSEL
Richard Lipsitz
Carl A. Green
Raymond F. Roll, Jr.
Herald Price Fahringer
Eugene W. Salisbury [1]

SPECIAL COUNSEL
James W. Kirkpatrick
Roger W. Wilcox, Jr.
Denis A. Scinta
David G. Henry
Richard D. Furlong
Scott M. Schwartz
John P. Hains [2]

LICENSED WORKERS'
COMPENSATION
REPRESENTATIVE
Keith T. Williams
Patricia N. Lyman

Seymour L. Schuller
1951-1988

Evan E. James
1955-1989

[1] Also admitted in District of Columbia
[2] Also admitted in Florida
[3] Also admitted in California
[4] Also admitted in New Jersey
[5] Also admitted in Pennsylvania
[6] Also admitted in Ohio
[7] Also admitted in Illinois

March 15, 2007

**<u>VIA CERTIFIED MAIL</u>**
**<u>RETURN RECEIPT REQUESTED</u>**

Diamond SJ Enterprise
8 S First Street                                  **<u>WITHOUT PREJUDICE</u>**
San Jose, CA 95113

Re:    Vivid

Dear Sirs:

Lipsitz Green Scime Cambria, LLP represents Vivid Entertainment, LLC and Vivid Video, Inc. ("Vivid") in matters relating, inter alia, to the enforcement of its intellectual property rights.

Vivid is the owner of the federally registered trademark "VIVID" in connection with Night Club Services. Vivid registered its mark on August 7, 2001 (Registration No. 2475741).

Vivid has recently advised us that you are using the name "VIVID" in connection with a nightclub located at 8 S First Street, San Jose, CA 95113. This letter is being sent to protest your continued, unauthorized use of the name "VIVID" in connection with your nightclub.

Vivid has utilized extensive resources in obtaining, promoting, and using this trademark and considers the trademark right to constitute an extremely valuable asset for the company. Because of your infringement, Vivid strongly believes the general public thinks there is an affiliation or association between Vivid and the good will and recognition attached to its trademark rights, and your nightclub.

You are therefore placed on notice that Vivid considers your use of its mark as an act of unlawful trademark infringement, trademark dilution and unfair competition. You are also placed on notice that Vivid considers your use, or at least your continued use, of its mark to be a willful infringement,.

We hereby demand that you immediately cease and desist any and all unauthorized use of Vivid's trademark or any mark confusingly similar to Vivid's trademark

## Lipsitz Green Scime Cambria LLP

Diamond SJ Enterprise
March 15, 2007
Page 2


The foregoing is not and should not be construed as an offer of compromise or settlement. This letter is without prejudice to any and all of Vivid's rights, in law and in equity, all of which are hereby expressly reserved. We trust that you understand the seriousness of this matter and will act promptly and in accordance with our demands.

Your failure to comply strictly with the demands set forth in this legal notice shall be at your risk as to costs and consequences.

Yours sincerely,

LIPSITZ GREEN SCIME CAMBRIA, LLP

By _____
        Michael Weremblewski


Writer's Extension: 390
Writer's Direct Fax: 716 849 1315
E-Mail: mweremblewski@lglaw.com

## Lipsitz Green Scime Cambria LLP

Attorneys at Law

42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924  P 716 849 1333  F 716 855 1580 (Not for Service)  www.lglaw.com

Paul J. Cambria, Jr. [1]
James T. Scime
Herbert L. Greenman
Patrick C. O'Reilly
Michael Schiavone
Laraine Kelley
William M. Feigenbaum
Joseph J. Gumkowski
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Christopher S. Mattingly
Robert L. Boreanaz
Thomas M. Mercure
John A. Collins
George E. Riedel, Jr. [2]
Michael P. Stuermer [2]
Jeffrey F. Reina
Sharon M. Heim
Cherie L. Peterson
Paul J. Cieslik
Joseph T. Kremer
Michael R. Weremblewski
Gregory P. Krull
Michele A. Smith
Bridget M. O'Connell
Michael S. Deal [4]
Joseph J. Manna
Philip Scaffidi
Amy L. Andrus
Robert E. Ziske
Kevin W. Hourihan
A. Nicholas Falkides [4] [5]
Thomas C. Burnham
William P. Moore
Linda R. Hassberg
Robin L. Stone
David C. Zimmerman [7]
Karen B. Feger
Patrick B. Shanahan
Bethany A. Solek
Jonathan W. Brown [3]
Amanda M. Warner
Laura A. Myers
Teresa A. Bailey
Sean P. Galliher [3]
John M. Lichtenthal
Sarah R. Ranni
Racheal C. Irizarry [2]

OF COUNSEL
Richard Lipsitz
Carl A. Green
Raymond F. Roll, Jr.
Herald Price Fahringer
Eugene W. Salisbury [1]

SPECIAL COUNSEL
James W. Kirkpatrick
Roger W. Wilcox, Jr.
Denis A. Scinta
David G. Henry
Richard D. Furlong
Scott D. Schwartz
John P. Hains [2]

LICENSED WORKERS'
COMPENSATION
REPRESENTATIVE
Keith T. Williams
Patricia N. Lyman

Seymour L. Schuller
1951-1988

Evan E. James
1955-1989

[1] Also admitted in District of Columbia
[2] Also admitted in Florida
[3] Also admitted in California
[4] Also admitted in New Jersey
[5] Also admitted in Pennsylvania
[6] Also admitted in Ohio
[7] Also admitted in Illinois

March 27, 2007

**VIA UPS MAIL**

Vivid Nightclub
8 S First Street
San Jose, CA 95113

**WITHOUT PREJUDICE**

Re:    Vivid

Dear Sirs:

Lipsitz Green Scime Cambria, LLP represents Vivid Entertainment, LLC and Vivid Video, Inc. ("Vivid") in matters relating, inter alia, to the enforcement of its intellectual property rights.

Vivid is the owner of the federally registered trademark "VIVID" in connection with Night Club Services.  Vivid registered its mark on August 7, 2001 (Registration No. 2475741).

Vivid has recently advised us that you are using the name "VIVID" in connection with a nightclub located at 8 S First Street, San Jose, CA 95113.  This letter is being sent to protest your continued, unauthorized use of the name "VIVID" in connection with your nightclub.

Vivid has utilized extensive resources in obtaining, promoting, and using this trademark and considers the trademark right to constitute an extremely valuable asset for the company.  Because of your infringement, Vivid strongly believes the general public thinks there is an affiliation or association between Vivid and the good will and recognition attached to its trademark rights, and your nightclub.

You are therefore placed on notice that Vivid considers your use of its mark as an act of unlawful trademark infringement, trademark dilution and unfair competition.  You are also placed on notice that Vivid considers your use, or at least your continued use, of its mark to be a willful infringement,.

We hereby demand that you immediately cease and desist any and all unauthorized use of Vivid's trademark or any mark confusingly similar to Vivid's trademark



Lipsitz Green Scime Cambria ᴸᴸᴾ

Vivid Nightclub
March 27, 2007
Page 2

The foregoing is not and should not be construed as an offer of compromise or settlement. This letter is without prejudice to any and all of Vivid's rights, in law and in equity, all of which are hereby expressly reserved. We trust that you understand the seriousness of this matter and will act promptly and in accordance with our demands.

Your failure to comply strictly with the demands set forth in this legal notice shall be at your risk as to costs and consequences.

Yours sincerely,

LIPSITZ GREEN SCIME CAMBRIA, LLP

By  _____

Michael Weremblewski

Writer's Extension:  390
Writer's Direct Fax:  716 849 1315
E-Mail:  mweremblewski@lglaw.com

**EXHIBIT  C**

# Trademark/Service Mark Application, Principal Register

# TEAS Plus Application

**Serial Number: 77200948**
**Filing Date: 06/07/2007**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| TEAS Plus | YES |
| **MARK INFORMATION** | |
| *MARK | vivid |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | vivid |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Diamond SJ Enterprise, Inc. |
| *STREET | 8 South First Street |
| *CITY | San Jose |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 95113 |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | No |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | CORPORATION |
| *STATE/COUNTRY OF INCORPORATION | California |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| *INTERNATIONAL CLASS | 041 |
| *FIRST USE ANYWHERE DATE | At least as early as 02/01/2007 |
| *FIRST USE IN COMMERCE DATE | At least as early as 02/01/2007 |

| *DESCRIPTION | Night clubs |
|---|---|
| *FILING BASIS | SECTION 1(a) |
| *FIRST USE ANYWHERE DATE | At least as early as 02/01/2007 |
| *FIRST USE IN COMMERCE DATE | At least as early as 02/01/2007 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT13\772\009 \77200948\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | Image of website |

## ADDITIONAL STATEMENTS INFORMATION

| *TRANSLATION (if applicable) | |
|---|---|
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |

## ATTORNEY INFORMATION

| NAME | Eric J. Sidebotham |
|---|---|
| FIRM NAME | Eric J. Sidebotham, APC |
| STREET | 520 Calle Viento |
| CITY | Morgan Hill |
| STATE | California |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 95037 |
| PHONE | 408-465-4061 |
| FAX | 408-608-6001 |
| EMAIL ADDRESS | eric.sidebotham@ejs-law.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | Daniel M. Shafer |

## CORRESPONDENCE INFORMATION

| *NAME | Eric J. Sidebotham |
|---|---|
| FIRM NAME | Eric J. Sidebotham, APC |
| *STREET | 520 Calle Viento |
| * CITY | Morgan Hill |
| * STATE | California |

| | |
|---|---|
| (Required for U.S. applicants) | |
| * COUNTRY | United States |
| * ZIP/POSTAL CODE (Required for U.S. applicants only) | 95037 |
| PHONE | 408-465-4061 |
| FAX | 408-608-6001 |
| * EMAIL ADDRESS | eric.sidebotham@ejs-law.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| | |
|---|---|
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 275 |
| TOTAL FEE DUE | 275 |

## SIGNATURE INFORMATION

| | |
|---|---|
| * SIGNATURE | /es/ |
| * SIGNATORY'S NAME | Eric J. Sidebotham |
| SIGNATORY'S POSITION | Attorney for Applicant |
| * DATE SIGNED | 06/07/2007 |

## FILING INFORMATION SECTION

| | |
|---|---|
| SUBMIT DATE | Thu Jun 07 22:08:31 EDT 2007 |
| TEAS STAMP | USPTO/FTK-68.186.62.135-2 0070607220831701427-77200 948-37039db9f39ae1e9649b6 5227f929c64813-CC-3468-20 070607220324037877 |

---

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 77200948**
**Filing Date: 06/07/2007**

To the Commissioner for Trademarks:

**MARK:** vivid (Standard Characters, see mark)

The literal element of the mark consists of vivid. The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Diamond SJ Enterprise, Inc., a corporation of California, having an address of 8 South First Street, San Jose, California, United States, 95113, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

**For specific filing basis information for each item, you must view the display within the Input Table.**

International Class 041:  Night clubs

If the applicant is filing under Section 1(b), intent to use, the applicant declares that it has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(b), as amended.

If the applicant is filing under Section 1(a), actual use in commerce, the applicant declares that it is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

If the applicant is filing under Section 44(d), priority based on foreign application, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and asserts a claim of priority based on a specified foreign application(s). 15 U.S.C. Section 1126(d), as amended.

If the applicant is filing under Section 44(e), foreign registration, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and submits a copy of the supporting foreign registration(s), and translation thereof, if appropriate. 15 U. S.C. Section 1126(e), as amended.

The applicant hereby appoints Eric J. Sidebotham and Daniel M. Shafer of Eric J. Sidebotham, APC, 520 Calle Viento, Morgan Hill, California, United States, 95037 to submit this application on behalf of the applicant.

Correspondence Information:          Eric J. Sidebotham
                                     520 Calle Viento
                                     Morgan Hill, California 95037
                                     408-465-4061(phone)
                                     408-608-6001(fax)
                                     eric.sidebotham@ejs-law.com (authorized)

A fee payment in the amount of $275 will be submitted with the application, representing payment for 1 class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /es/   Date: 06/07/2007
Signatory's Name: Eric J. Sidebotham
Signatory's Position: Attorney for Applicant
RAM Sale Number: 3468
RAM Accounting Date: 06/08/2007
Serial Number: 77200948
Internet Transmission Date: Thu Jun 07 22:08:31 EDT 2007
TEAS Stamp: USPTO/FTK-68.186.62.135-2007060722083170
1427-77200948-37039db9f39ae1e9649b65227f
929c64813-CC-3468-20070607220324037877

vivid



ViViD

About     Events     VIP Tables     Galleries     Contact

Welcome

ViVid is San Jose California's newest and most exclusive mega club that brings South Beach style nightlife to the Bay Area. Amidst a diverse range of nightlife entertainment choices, ViVid stands out as the dominating force, providing an upscale venue that plays various roles and entertains on many levels. You've got to experience it to believe it. ViVid boasts one of California's most extravagant lighting and effects system. The intelligent Color wash LED lighting system is the established benchmark for nightclub lighting in Northern California. One visit to ViVid and you will be a believer, the over the top lighting is reason enough to experience San Jose's first and only mega club. Add to that the state-of-the-art sound system and the scene is set for what is being touted as the number one place to see and be seen. With over 22,000 square feet of upscale atmosphere, you'll never run out of room to move. This lavishly decadent venue also offers: VIP mezzanines, ultra lounge areas, Cabana VIP bottle service booths

VIP parties  |  guest list  |  sponsors

**EXHIBIT  D**

http://www.vividsj.com/











