DAVID KRAFT, # 83533
Attorney at Law
181 Devine Street
San Jose, CA 95110
(408) 293-6193

Attorney for Defendant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVID ENTERTAINMENT, LLC, ) <br> A California limited liability company, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DIAMOND SAN JOSE ENTERPRISE dba ) <br> ViViD and DOES 1-10 ) <br> ) <br> ) <br> Defendant. ) <br> _____) | **Case No. C07 03860 BZ** <br><br> **DIAMOND SAN JOSE** <br> **ENTERPRISE dba ViViD** <br> **ANSWER AND COUNTERCLAIM** |

Defendant DIAMOND SAN JOSE ENTERPRISE dba ViViD (hereinafter "DSJE") submits the following answer.

**I.**
**ADMISSIONS AND DENIALS**

1. Defendant DSJE admits the allegations in paragraphs 1 through 4 inclusive.

2. Defendant DSJE admits the allegations in paragraph 5.

3. Defendant DSJE admits the allegations in paragraph 6.

4. Defendant DSJE admits the allegations in paragraph 7.

5. Defendant DSJE lacks sufficient information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint, and on that basis denies that allegations contained in that paragraph.

6. Defendant DSJE lacks sufficient information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint, and on that basis denies that allegations contained in that paragraph.

7. Defendant DSJE lacks sufficient information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint, and on that basis denies that allegations contained in that paragraph.

8. Defendant DSJE lacks sufficient information or belief sufficient to form a belief as to the truth of the rest of the allegations contained in paragraph 11 of the complaint, and on that basis denies that allegations contained in that paragraph, except that Defendant DSJE admits Plaintiff owns a site on the World Wide Web under the domain www.vivid.com.

9. Defendant DSJE lacks sufficient information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint, and on that basis denies that allegations contained in that paragraph, except that Defendant DSJE admits a Certificate of Registration number 2,475,741 was issued.

10. Defendant DSJE lacks sufficient information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint, and on that basis denies that allegations contained in that paragraph.

11. Defendant DSJE lacks sufficient information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint, and on that basis denies that allegations contained in that paragraph.

12. Defendant DSJE lacks sufficient information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint, and on that basis denies that allegations contained in that paragraph.

13. Defendant DSJE lacks sufficient information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint, and on that basis denies that allegations contained in that paragraph.

14.  Defendant DSJE lacks sufficient information or belief sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint, and on that basis denies that allegations contained in that paragraph.

15. Defendant DSJE admits the allegations in paragraph 18.

16. Defendant DSJE admits the allegations in paragraph 19.

17. Defendant DSJE admits the allegations in paragraph 20.

18. Defendant DSJE admits the allegations in paragraph 21.

19. Defendant DSJE denies the allegations in paragraph 22, except that Defendant admits to continuing to operate, promote and advertise "ViViD" Nightclub.

20. Defendant DSJE denies the allegations in paragraph 23, except that Defendant admits to owning a website under the domain www.vividsj.com.

21. Defendant DSJE denies the allegations in paragraphs 24 through 45 inclusive.

/

/

/

/

/

## II.
## AFFIRMATIVE DEFENSES

Further answering, Defendant DSJE affirmatively alleges that:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The complaint fails to state a claim against Defendant DSJE upon which relief can be granted. All counts against Defendant DSJE should be dismissed.

### SECOND AFFIRMATIVE DEFENSE
### (No Likelihood of Confusion)

Defendant's use of the mark "ViViD" is not likely to cause confusion with Plaintiff's mark to the extent that (if any) Plaintiff has protectable rights therein. Furthermore, the goods or services of Defendant based in San Jose, California are sold in a trade territory remote from Plaintiff's last usage, in Las Vegas Nevada.

### THIRD AFFIRMATIVE DEFENSE
### (Abandonment)

The Plaintiff has abandoned rights in the mark by non use of the mark such that the mark has lost its significance as an indication of origin. Plaintiff has assigned the mark apart from the marks goodwill such that the mark has ceased to identify a continuity of a certain nature and quality of goods and service. Furthermore, Plaintiff has licensed its mark uncontrollably and "nakedly" such that the public will be misled and the trademark will cease to have utility as an informational device.

### FOURTH AFFIRMATIVE DEFENSE
### (Fair Use)

Plaintiff's mark is a term that is descriptive and Defendant's use of "ViViD" is fairly and in good faith used to describe Defendant's product under its descriptive sense. The

Merriam Webster Dictionary defines "vivid" to be:  1. of a color : very strong : very high in chroma, 2. having the appearance of vigorous life or freshness, 3: producing a strong or clear impression on the senses.  Merriam Webster Dictionary Online *available* at http://www.m-w.com/dictionary/vivid.  Plaintiff's usage of the word "ViViD" to describe its nightclub services is used to describe the nature of the nightclub under the dictionary definition and not to suggest sponsorship, approval, or origins with Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff has unreasonably and unjustifiable delayed in bringing this action.  This delay has prejudiced Defendant DSJE.  Plaintiff is therefore stopped from pursuing this action under the equitable doctrines of laches and/or acquiescence.

### SIXTH AFFIRMATIVE DEFENSE
### (Unclean hands)

Defendant alleges that the Plaintiff's in this case are guilty of "unclean hands" in the matters set forth in the complaint, which conduct extinguishes the right to equitable relief in these actions.

### SEVENTH AFFIRMATIVE DEFENSE
### (Defendant's use not in Interstate Commerce)

Defendant's use of the mark "ViViD" is local in nature to San Jose, California and not used in interstate commerce subject to the Commerce clause of the Constitution.

### EIGTH AFFIRMATIVE DEFENSE
### (Trademark is Descriptive)

By way of affirmative defense, Defendant DSJE states that Trademark Registration no. 2,475,741, alleged in the complaint, was improperly issued by the United States Patent

and Trademark Office in that such alleged trademark is merely descriptive of the goods of Plaintiff and the mark has not become distinctive of Plaintiff's goods in interstate commerce.

### NINTH AFFIRMATIVE DEFENSE
### (Lack of Secondary Meaning)

The trademark "Vivid" claimed by Plaintiff is a weak mark, which has not been advertised or promoted by Plaintiff and has not acquired any secondary meaning as referred to the goods of nightclub services offered by Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE
### (False or Fraudulent Registration)

Trademark Registration No. 2,475,741 alleged in the Complaint was granted by the U.S. Patent and Trademark Office in reliance upon the truth of Plaintiff's statement under oath that the mark "Vivid" was used in interstate commerce continually for 5 years consecutively prior to registration of Plaintiff's mark has been fraudulently obtained. Defendant has been damaged by Plaintiff's false and fraudulent statements and the registration issued in reliance on those statements.

### TWELFTH AFFIRMATIVE DEFENSE
### (Plaintiff's Mark Not Used in California)

Plaintiff's trademark action cannot be infringed under California Business and Professions code section § 14200 et seq. because Plaintiff's mark was not used on goods or services rendered in California, as required by Cal. Bus. & Prof. Code §14230.

/
/

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Fame)

Plaintiff's trademark action under California Business and Professions code section §14330 cannot be diluted because the Plaintiff's mark is neither famous nor widely recognized or distinctive as the Plaintiff's mark pertains to nightclub services.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (No Designation of Sponsorship, Origin, or Approval)

Plaintiff's action under California Business and Professions code section § 17200 et seq. cannot stand because Defendant has never passed itself off as being licensed, sponsored, or connected in any way by Plaintiff.

WHEREFORE, Defendant DSJE requests that:

1. Plaintiff take nothing by it's complaint.

2. Defendant DSJE be granted judgment against Plaintiff.

3. Defendant be awarded its costs to defendant against this action, together with reasonable attorney fees; and

4. The Court grant to Defendant DSJE such other relief as may be just

### III.
### COUNTERCLAIMS

### COUNT ONE
### (Cancellation of Plaintiff's Registration -Trademark is Generic)

1. Defendant hereby realleges, as if fully set forth, the allegations of its EIGHTH Affirmative Defense herein.

2. Defendant DSJE is likely to be damaged by continued registration of Plaintiff's U.S. Patent and Trademark Office registration No. 2,475,741 in that Defendant, since February 2007 has been involved in the nightclub services business which are of a related nature to Plaintiff's goods described in said Registration, and which Defendant has a valid and legal right to describe by use of the term registered as a trademark by Plaintiff.  Defendant is likely to be damaged by continued registration of said term in that the prima facie evidentiary effect of such registration tends to impair Defendant's right to descriptive use of said term.

WHEREFORE Defendant DSJE prays that this Court exercise its power under 15 U.S.C.S. §1119, to order the Commissioner of Patents and Trademarks to cancel the registration of Plaintiff's U.S. Trademark registration No. 2,475,741, and for such further relief as the Court may deem just.

## COUNT TWO
### (Cancellation of Plaintiff's Registration - Due to Abandonment)

1. Defendant hereby realleges, as if fully set forth, the allegations of its THIRD Affirmative Defense herein.

2. Defendant DSJE is likely to be damaged by continued registration of Plaintiff's U.S. Patent and Trademark Office registration No. 2,475,741.  The Plaintiff is currently not using its mark "Vivid" in interstate commerce.  The Plaintiff has abandoned rights in the mark by non use of the mark such that the mark has lost its significance as an indication of origin.  Plaintiff has assigned the mark apart from the marks goodwill such that the mark has ceased to identify a continuity of a certain nature and quality of

goods and service. Furthermore, Plaintiff has licensed its mark uncontrollably and "nakedly" such that the public will be misled and the trademark will cease to have utility as an informational device. Defendant has a valid and legal right to use of the term registered as a trademark by Plaintiff. Defendant is likely to be damaged by continued registration of said term in that the prima facie evidentiary effect of such registration tends to impair Defendant's right to said term.

WHEREFORE Defendant DSJE prays that this Court exercise its power under 15 U.S.C.S. §1119, to order the Commissioner of Patents and Trademarks to cancel the registration of Plaintiff's U.S. Trademark registration No. 2,475,741, and for such further relief as the Court may deem just.

### COUNT THREE
### (Cancellation of Plaintiff's Registration - False or Fraudulent Registration)

1. Defendant hereby realleges, as if fully set forth, the allegations of its ELEVENTH AFFIRMATIVE DEFENSE herein.

2. Defendant has been damaged by said false and fraudulent statements and the registration issued in reliance thereon in that Defendant, since February 2007 has continuously used the term "ViViD" on its nightclub services and Defendant's continued and legal use of said term will be impaired by the continued registration of said mark of Plaintiff.

3. Defendant has been further damaged by said false and fraudulent statements and the registration issued in reliance thereon.

4. Said procurement by Plaintiff of registration of a trademark in the U.S. Patent Office by said false and fraudulent declarations and representations is liable to Defendant for its damages sustained in consequence thereof under 15 U.S.C.S. §1120.

WHEREFORE, Defendant prays that:

1. This Court exercise its power under 15 U.S.C.S. § 1119, to order the Commissioner of Patents and Trademarks to cancel the registration of Plaintiff's U.S. Trademark registration No. 2,475,741.
2. That Defendant be awarded damages.
3. That the Court grant such other and further relief as it shall deem just.

Dated: _____

_____
DAVID KRAFT
Attorney for Defendant
DIAMOND SAN JOSE ENTERPRISE dba "ViViD"