Paul J. Cambria, Jr., Esq. (State Bar No. 177957)
Jonathan W. Brown, Esq. (State Bar No, 223901)
LIPSITZ GREEN SCIME CAMBRIA, LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
Telephone: (716) 849-1333
Facsimile: (716) 849-1315
Email: pcambria@lglaw.com
       jbrown@lglaw.com

Attorneys for Plaintiff
Vivid Entertainment, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVID ENTERTAINMENT, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br>vs.<br><br>DIAMOND S.J. ENTERPRISE, a California Corporation, and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.: C07 03860 BZ<br><br>**JOINT CASE MANAGEMENT STATEMENT [LR 16-9] / RULE 26 STATEMENT** |

Plaintiff Vivid Entertainment, LLC ("Plaintiff") and Defendant Diamond S.J. Enterprise ("Defendant") hereby submit their Joint Case Management Statement [LR16-9] and their Joint Report under Rule 26 of the Federal Rules of Civil Procedure ("FRCP"). The parties met and conferred regarding the issues contained in Federal Rule 26 on October 29, 2007.

1. **Jurisdiction and Service**

   **Plaintiff's Position:**

   This is civil action for trademark infringement, false designation of origin and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 – 1127, and the common law and statutes of the State of California.

   This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338 and 15 U.S.C. § 1121, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

   Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and the Defendant maintains its principal place of business in this district.

   **Defendant's Position:**

   This is a civil action for trademark infringement, false designation of origin and unfair competition under Trademark Act of 1946, as amended, 15 U.S.C §§ 1051-1127, and the common law and statutes of the State of California.

   Defendant agrees to jurisdiction and venue.

2. <u>**Facts**</u>

**Plaintiff's Position:**

Plaintiff is the owner of several "VIVID" trademarks registered with the United States Patent and Trademark Office ("USPTO") *inter alia,* such registration includes Registration No. 2,475,741 (for nightclub services); Registration No. 2,415,035 (for on-line Websites); and Registration No. 2,452,336 (for Video Cassettes and DVD's). In or about February of this year, Defendant started using the mark "VIVID" in connection with a nightclub in San Jose, California and a website located at "vividsj.com." Despite several cease and desist letters sent to Defendant and communications between respective counsel, Defendant continues to use the VIVID mark in connection with and promotion of the San Jose nightclub. Plaintiff contends that Defendant's selection of the "VIVID" mark was willful and that Defendant was well aware of Plaintiff's rights in the mark prior to the selection.

**Defendant's Position:**

Prior to February 2007, Defendant conducted a thorough search of marks used for nightclub services under "ViViD." Defendant discovered Plaintiff's "Vivid" mark for its nightclub in Las Vegas which Defendant discovered was abandoned as the nightclub had been closed for some time. In addition to Plaintiffs "Vivid" mark, Defendant also discovered numerous "vivid" marks used in other nightclubs around the country. Defendant opened a nightclub with "ViViD" as its mark, and attempted to file a registration with the USPTO.

On or about February of 2007, Defendant Diamond San Jose Entertainment ("DSJE") began using the mark "ViViD" in connection with a nightclub in San Jose, California. Defendant Diamond San Jose Entertainment ("DSJE") received a cease and desist letter from Plaintiff dated March 27, 2007. Subsequently, Defendant received notice of a complaint filed by Plaintiff dated July 27, 2007. On August 30, 2007 Defendant filed an answer and counterclaims.

3. **Legal Issues**

**Plaintiff's Position:**

Plaintiff believes that the legal issues in this case are fairly straightforward. Defendant is using the same mark in the same industry as Plaintiff's registered mark. Among other things, after receiving Plaintiff's cease and desist letters, Defendant attempted to register the "VIVID" mark with the USPTO for night clubs. Thereafter, Defendant's application was rejected by the USPTO. Legal issues at trial will include whether Defendant's use of the "VIVID" mark is willful. Additional legal issues include the extent of Plaintiff's damages, the type of damages allowable and whether Plaintiff is entitled to treble damages.

**Defendant's Position:**

Defendant filed an answer and counterclaim on August 30, 2007. Defendant's claims as an affirmative defense include: no likelihood of confusion between Plaintiff and Defendant's mark, abandonment of the mark by Plaintiff, fair use of the mark by Defendant, Plaintiff's mark lacks secondary meaning, Plaintiff's mark was fraudulently registered, Plaintiff's mark is not famous, and Defendant did not pass itself off as being licensed or sponsored by Plaintiff.

Defendant has filed several counterclaims as well. Defendant is asserting that, Plaintiff's mark should be cancelled because it is generic and lacks secondary meaning. Defendant also asserts that Plaintiff's mark has been abandoned through non use and uncontrolled licensing. Defendant further asserts that, Plaintiff's mark should be cancelled because it was fraudulently registered.

4. **Motions**

**Plaintiff's Position:**

Plaintiff intends to file a motion for preliminary injunction and may file a summary judgment motion.

4

**Defendant's Position:**

Defendant does not anticipate filing any motions at this time.

5. **Amendment of Pleadings**

**Plaintiff's Position:**

Plaintiff, given the need for time to perform written discovery, take depositions, meet and confer, and bring motions to compel if needed, shall amend its complaint to add new parties and causes of action by February 29, 2008. The February 29, 2008 date should apply to all parties in a symmetrical fashion.

**Defendant's Position:**

Defendant agrees to the proposed date to file any amendments to the complaint.

6. **Evidence Preservation**

**Plaintiff's Position:**

During the discovery process, the parties plan to exchange documents in paper and/or PDF formats. If questions concerning the authenticity or genuineness of certain documents arise, then the parties may engage in limited electronic discovery. Further, to the extent that certain electronic documentation is difficult to review or read on a standard (8.5 x 11) hardcopy printout, the parties may request the production of such electronic documents.

Plaintiff has preserved emails that may have a bearing on the willful nature of Defendant's conduct. Plaintiff is unaware of any additional electronic evidence in its possession. Plaintiff demands that Defendant maintain emails and webpages that relate or pertain to this action, the selection of the "VIVID" mark in relationship to its San Jose nightclub, and any iterations of the website operated by Defendant, "vividsj.com".

**Defendant's Position:**

Defendant agrees to preserve any electronic evidence.

7. **Disclosures**

   **Plaintiff's Position:**

   Initial disclosures are to be exchanged no later than November 13, 2007.

   **Defendant's Position:**

   Defendant requests that disclosures be made by November 19, 2007 pursuant to the Order Setting Initial Case Management Conference.

8. **Discovery**

   **Plaintiff's Position:**

   Plaintiff intends to serve written discovery including document demands, interrogatories and requests for admission. Plaintiff also intends to take an FRCP 30(b)(6) deposition of the Defendant, and intends to take several percipient witness depositions. Plaintiff will also take expert witness discovery in accordance with the FRCP.

   During the discovery process, the parties plan to exchange documents in paper and/or PDF formats. If questions concerning the authenticity or genuineness of certain documents arise, then the parties may engage in limited electronic discovery. Further, to the extent that certain electronic documentation is difficult to review or read on a standard (8.5 x 11) hardcopy printout, the parties may request the production of such electronic documents.

   **Defendant's Position:**

   Defendant intends to conduct similar discovery tools as Plaintiff and follow similar exchanges of documents in paper or PDF formats.

9. **Class Action**

   N/A

10. **Related Cases**

N/A

11. **Relief:**

**Plaintiff's Position:**

Plaintiff seeks permanent injunctive relief, monetary damages and attorneys' fees. The monetary damages sought at trial will include all damages sustained by Plaintiff, Defendant's profits, and costs of the action.

**Defendant's Position:**

For relief from Plaintiff's complaint, Defendant requests that Plaintiff take nothing by its complaint, judgment be granted for Defendant. Defendant be awarded costs and attorney's fees to defend and any other relief that the court may find just.

For relief for Defendant's counterclaim, Defendant seeks the court to exercise its power under 15 U.S.C. § 1119 to order the Commissioner of Patents and Trademarks to cancel the registration of Plaintiff's mark. Defendant to be granted attorneys fees and costs incurred.

12. **Settlement and ADR**

**Plaintiff's Position:**

Plaintiff needs some basic discovery so it can determine, among other things, the scope of the Defendant's trademark infringements, and the extent of the damages involved, including Defendant's profits derived by its infringing use. After said discovery, Plaintiff requests mediation with both sides splitting the cost. Plaintiff is agreeable to mediating the instant case within the next 90 days, and/or is willing to attend a pre-trial settlement conference on a date to be set by the Court.

**Defendant's Position:**

Defendant agrees to private mediation before a retired judge at JAMS. However due to the need to conduct proper discovery and depositions, Defendant requests that any mediation not occur before July 1st, 2008. Additionally, a trial to not be set until the Fall of 2008.

13. **Consent to Magistrate Judge For All Purposes**

    **Plaintiff's Position:**

    Plaintiff consents to Magistrate Judge Bernard Zimmerman

    **Defendant's Position:**

    Defendant consents to a magistrate judge for all purposes.

14. **Other References**

    N/A

15. **Narrowing of Issues**

    **Plaintiff's Position:**

    Plaintiff needs some basic discovery so it can determine, among other things, the scope of the Defendant's trademark infringements, and the extent of the damages involved, including Defendant's profits derived by its infringing use. After said discovery, Plaintiff is willing to meet and confer with opposing counsel in hopes of narrowing issues to expedite the presentation of evidence at trial.

    **Defendant's Position:**

    Defendant at this time is unable to narrow issues, as basic discovery has not yet been conducted. Defendant would like to determine through basic discovery the issues presented so that Defendant may narrow them at a trial date in the Fall of 2008.

16. **Expedited Schedule:**

   **Plaintiff's Position:**

   Plaintiff needs some basic discovery so it can determine, among other things, the scope of the Defendant's trademark infringements, and the extent of the damages involved, including Defendant's profits derived by its infringing use. After said discovery, which should last approximately four to five months, Plaintiff believes that the trial can be set in or about the beginning of June, 2008.

   **Defendant's Position:**

   Defendant at this time has not conducted any discovery, and must determine through appropriate discovery the extent of the issues presented. Defendant would therefore request that a trial date be set for the Fall of 2008.

17. **Scheduling**

   **Plaintiff's Proposed Schedule:**

   Plaintiff proposes a deadline for the parties to amend their pleadings by February 29, 2008.

   Plaintiff proposes a non-expert discovery cut-off date of March 31, 2008.

   Plaintiff proposes an expert witness disclosure date of April 7, 2008.

   Plaintiff proposes an expert discovery cut-off date of May 7, 2008.

   Plaintiff proposes that all dispositive motions be filed by April 16, 2008, and that all such motions be heard by May 15, 2008.

   Plaintiff proposes that the trial date be set for June 9, 2008.

   **Defendant's Proposed Schedule:**

   Defendant agrees to the proposed deadline to amend pleadings by February 29, 2008.

   Defendant requests a non-expert discovery cut off date of June 30, 2008.

Defendant requests an expert witness disclosure date of July 7, 2008.

Defendant requests that all dispositive motions be filed by June 11, 2008, and that all such motions be heard by July 15, 2008.

Defendant proposes that a trial date be set for the Fall of 2008.

### 18. Trial

**Plaintiff's Position:**

Plaintiff estimates that the Jury trial will take 4-5 court days.

**Defendant's Position:**

Defendant agrees to a Jury trial for 4-5 days.

### 19. Disclosure of Non-Party Interested Entities or Persons

**Plaintiff's Position:**

Plaintiff is of the view that discovery may reveal necessary third parties. Given the need for time to perform written discovery, take depositions, meet and confer under the local rules, and bring motions to compel if needed, Plaintiff shall amend its complaint to add new parties and causes of action, if any, by February 29, 2008.

Pursuant to Civil Local Rule 3-16, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities have a financial interest in the subject matter in controversy or in a party that could be substantially affected by the outcome of this proceeding:

| | Person | Connection |
|---|---|---|
| 1. | Vivid Entertainment Group | Member of Plaintiff |
| 2. | Vivid Video, Inc. | Member of Plaintiff |

10

| | | |
|---|---|---|
| 3. | V.O.D., Inc. | Member of Plaintiff |
| 4. | Vivid Video International | Member of Plaintiff |
| 5. | Vivnet, Inc. | Member of Plaintiff |
| 6. | Vivid Digital, Inc. | Member of Plaintiff |
| 7. | S&D Video, Inc. | Member of Plaintiff |
| 8. | Steven Hirsch | Manager of Plaintiff |
| 9. | Dewi James | Manager of Plaintiff |
| 10. | William Asher | Manager of Plaintiff |

**Defendant's Position:**

1. Jenny Wolfes, 8 South First St. San Jose CA.

2. Dave Koehler, 8 South First St. San Jose CA

3. Tony Pagkos, 75 E. Santa Clara St. San Jose CA.


Dated: November 19, 2007

          LIPSITZ GREEN SCIME CAMBRIA, LLP

          s/Jonathan W. Brown, Esq.
          Jonathan W. Brown, Esq.
          *Attorneys for Plaintiff*
          Vivid Entertainment, LLC

Dated: November 19, 2007

          DAVID KRAFT, ESQ.

          s/David Kraft, Esq.
          David Kraft, Esq.
          *Attorney forDefendant*
          Diamond S.J. Enterprise

## PROOF OF SERVICE

STATE OF NEW YORK, COUNTY OF ERIE

I, Mary Dunning, declare as follows: I am employed in the County of Erie, State of New York. I am over the age of 18 and not a party to the within action. My business address is 42 Delaware Avenue, Suite 120, Buffalo, NY 14202-3924.

On November 19, 2007, I served the foregoing document described as: **JOINT CASE MANAGEMENT STATEMENT [LR 16-9] / RULE 26 STATEMENT** on all interested parties in this action (X) by placing ( ) the original (X) a true copy thereof enclosed in a sealed envelope addressed as follows (and/or) ( ) by facsimile transmission to:

David Kraft, Esq.
181 Divine Street
San Jose, California 95110
Facsimile No.: (408) 275-0412

(X) **BY MAIL**
(X)  I deposited such envelope, with postage thereon fully prepaid, in the mail at Buffalo, New York.
( )  I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.
( )  **BY OVERNIGHT COURIER SERVICE** I caused such envelope to be delivered to a representative of the United Parcel Service overnight courier service, with instructions to deliver same to the persons set forth above at their addresses listed for service of legal papers on them, on the next business day.
( )  **BY PERSONAL DELIVERY**  I caused such envelope by hand to be delivered to the offices of the addressee.
( )  **BY TELECOPY**  I caused such document to be telecopied to the addressee at the following telecopy number on         : ( )
( )  **UNITED STATES**  I declare under penalty of perjury under the laws of the United States that the above is true and correct.
( )  **STATE**  I declare under penalty of perjury under the laws of the States of New York and California that the above is true and correct.
(X) **FEDERAL**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 19, 2007, at Buffalo, New York.

                                        s/Mary Dunning
                                        Mary Dunning

12